37  174
48e  27

THE STATE, CLARK, PROSECUTOR, v. GROVER, COLLECTOR OF NEWTON.

An assignee, to whom the property of a debtor has been assigned under the act entitled "An act to secure to creditors an equal and just division of the estates of debtors who convey to assignees for the benefit of creditors," (*Nix. Dig.* 32,) is a trustee within the meaning of the tax act of 1866, (*Nix. Dig.* 952,) and is taxable as such for the estate of the assignor in his hands, and is not entitled to a deduction for the debts due from the debtor to his creditors.

State, Clark, pros., v. Grover, Collector.

On *certiorari*. In matter of taxation.

Argued at February Term, 1874, before Justices BEDLE,. DALRIMPLE and DEPUE.

For the plaintiff in *certiorari*, *Kays*.

For the defendant, *Thomas Anderson*.

DEPUE, J. The prosecutor is the assignee of William H. Leport, by a voluntary assignment for the benefit of creditors, under the act which authorizes the assignment of property of a debtor for the equal benefit of his creditors. (*Nix. Dig.* 23.) He was taxed in the town of Newton, where he resided, for the year 1873, on the personal estate assigned to him, which was then in his hands as assignee. The amount of property in his hands was about $25,000. The claims presented by the creditors of the assignor amounted to about $60,000, of which about $29,000 were due to creditors residing in Newton, and about $25,000 to creditors residing in New Jersey. The balance of the indebtedness of the assignor was made up of debts due to creditors residing out of the state. The assessment was on a valuation of $16,000.

The 7th section of the tax law of 1866 provides that every person shall be assessed in the township or ward where he resides, for all personal property in his possession, or under his control, as trustee, guardian, executor or administrator.. (*Nix. Dig.* 952.)

In *The State, Parker, pros.*, v. *Irons*, 5 *Vroom* 464, this court held that commissioners appointed by the court in partition, who had sold lands by order of the court, were not taxable on moneys which they held as the proceeds of such sale, to be invested for the widow in lieu of dower.

The *ratio decidendi* was, that commissioners were not trustees, within the meaning of that section, but that they were officers of the court, for the purpose of holding funds under the direction and control of the court, and were no more liable to taxation on such moneys than sheriffs, clerks or any other officer of the court, who is entrusted, in an official capacity, with the safe keeping or investment of funds which

are subject to the order of the court. In the opinion, Mr. Justice Dalrimple interprets the word "trustee," as used in this section, "as intended to designate a class of persons who hold property upon the trust or confidence that they will apply the same for the benefit of those who are entitled, according to the intention expressed, either by the parties themselves, or by deed, will, settlement or arrangement of another."

The case of the prosecutor is not within the decision of this court in the case just cited. By force of the assignment, and the act under which it was made, he became a trustee within the meaning of the tax law, as defined by Justice Dalrimple in his opinion.

The legal effect of an assignment by a debtor, for the benefit of creditors, is to convey the property to the assignee on a trust. That is the form of the conveyance. It is expressly called, in the first section of the assignment act, a conveyance or assignment in trust. It is such a trust as will be executed by the Court of Chancery, in case the assignee should relinquish the trust, and surrender to the assignor the deed of assignment. *Scull* v. *Reeves*, 2 *Green's Ch. R.* 131.

Nor was the prosecutor entitled to any deduction from the valuation of the property in his hands for debts due from the assignor. By accepting the assignment he did not become a debtor to those creditors. They could not sue him on the footing of an ordinary debtor. The sums that should become payable to them were not ascertainable, until the dividends were declared, as directed by the act. The legal obligation devolving on the assignee, from the assignment, was to appropriate the funds which came to his hands for their benefit, in the manner and at the time prescribed by the statute, and their rights in the premises were to compel the performance of the trust.

The prosecutor was liable to taxation on the full value of the property in his hands, and the assessment should be affirmed.

Justices BEDLE and DALRIMPLE concurred.